UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CALVIN VINSON, JR., #194753,

        Plaintiff,               Case No. 2:09-cv-46

v.                                  Honorable R. Allan Edgar

GERALD RILEY, et al.,

        Defendants.
_____/

**OPINION**

Plaintiff Carl Vinson, Jr., an inmate currently confined at Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights suit pursuant to 42 U.S.C. § 1983 against defendants Chaplain Gerald Riley, Assistant Resident Unit Supervisor Denise Gerth, and Warden David Bergh. On September 27, 2010, this Court entered an Opinion [Doc. No. 37] and Order [Doc. No. 38] granting the defendants' motion for summary judgment with respect to Plaintiff's claims against Defendant Bergh as well as Plaintiff's Due Process claims. The defendants' motion for summary judgment was denied as to Plaintiff's First Amendment and RLUIPA claims against Defendants Riley and Gerth. Doc. No. 38. The defendants' motion was granted as to all claims against them in their official capacities. Doc. No. 37, p. 12. On October 6, 2010, Defendants Riley and Gerth ("Defendants") filed a motion for reconsideration of the Court's Opinion and Order. Doc. No. 39. On October

14, 2010, Plaintiff filed a response to Defendants' motion.[1]  Doc. No. 45.  Plaintiff then filed a motion entitled "Plaintiff's Motion for Relief from Order" on June 10, 2011.  Doc. No. 48.  The Court has reviewed the pleadings and the matter is now ready for decision.

A district court may relieve a party from a final judgment, order, or proceeding for any reason that justifies relief.  Fed. R. Civ. P. 60(b)(6).  To be successful in a motion for reconsideration, "[t]he movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a).  Presenting the same issues ruled on by the Court is insufficient.  *Id.*

## RLUIPA Claim

In their motion for reconsideration, Defendants argue that it was palpable error to allow Plaintiff's RLUIPA claim to proceed, because his transfer to a different facility has mooted his request for declaratory and injunctive relief, and because monetary damages are not available under RLUIPA.  Doc. No. 39, p. 2.  The Court need not deal with these issues here since in his subsequently filed "Motion for Relief", Plaintiff states that he never included an RLUIPA claim in his complaint.  The Court will treat Plaintiff's statements in his "Motion for Relief" as a voluntary dismissal of this claim.

## Qualified Immunity

In their motion for reconsideration, Defendants point to this Court's statement that *Colvin v. Caruso*, 605 F.3d, "for the first time held that Michigan's use of a test to determine

---

[1] While Local Rule 7.4(b) indicates that an answer to a motion for reconsideration will not be allowed unless requested by the Court, the Court has decided to consider Plaintiff's response, in keeping with the spirit of the liberal pleading standard afforded to *pro se* inmates.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999), *citing Estelle v. Gamble*, 429 U.S. 97 (1976).

2

whether an inmate knows enough about his religion is improper because it is based on an improper constitutional standard." Doc. No. 37, p. 9. Defendants then argue "that it was palpable error to deny them qualified immunity [because] any right clearly established by *Colvin* was not clearly established at the time they took the actions which [Plaintiff] complains of." Doc. No. 39, p. 4.

The procedure for evaluating a qualified immunity claim has three parts. First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, which are supported with sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

In their motion, Defendants argue that the second prong of the qualified immunity test is not met. When determining whether a right is clearly established, this Court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

Defendants' argument is based on an erroneous interpretation of *Colvin*. *Colvin* did not "clearly establish" a constitutional right. Instead, it recognized the already established

3

right that an inmate has to the free exercise of religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987). The Sixth Circuit based its reasoning regarding the Michigan Department of Corrections' objective knowledge religious test on the following concept: "the touchstone for determining whether a religious belief is entitled to free-exercise protection [in the prison setting] is an assessment of 'whether the beliefs professed . . . are *sincerely held*,' not whether 'the belief is accurate or logical." *Colvin*, 605 F.3d at 298, *citing Jackson v. Mann*, 196 F.3d 316, 320 (2nd Cir. 1999) (emphasis in original).

It is well established that First Amendment protection is only required for the sincerely held religious beliefs of inmates. *See Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001). Moreover, Supreme Court precedent establishes that prison officials should not attempt to evaluate the truth or validity of a prisoner's religious beliefs when inquiring into their sincerity. *United States v. Seeger*, 380 U.S. 163, 184-85 (1965); *see also Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 713 (1981) ("[R]eligious beliefs need not be acceptable, logical, consistent or comprehensible to others in order to merit First Amendment protection."). Given this precedent, the concept that it is improper to rely on an inmate's objective knowledge of his religion to determine his religious sincerity was apparent before the "very action in question" was found to be improper in *Colvin*. Defendants have therefore failed to show that a palpable error occurred in the Court's denial of qualified immunity.

### Plaintiff's 14th Amendment Claim

In his "Motion for Relief", Plaintiff argues that the Court mistakenly treated his Fourteenth Amendment claim as a Due Process Claim instead of an Equal Protection claim. Doc. No. 48, p. 1. Plaintiff did list an Equal Protection claim in his complaint. This claim

4

remains before the Court since Defendants did not address it in their motion for summary judgment. Defendants are therefore not entitled to summary judgment on Plaintiff's Fourteenth Amendment Equal Protection claim.

Conclusion

Defendants' motion for reconsideration [Doc. No. 39] will be denied. Plaintiff's "Motion for Relief" [Doc. No. 48] will be granted to the extent that the Court finds he has stated a Fourteenth Amendment Equal Protection claim. Plaintiff's RLUIPA claim will be dismissed without prejudice. This case remains pending on the following claims: (1) Plaintiff's First Amendment claim; and (2) Plaintiff's Fourteenth Amendment Equal Protection claim.

An Order consistent with this Opinion will be entered.

Dated: 9/16/2011

                                                /s/ R. Allan Edgar
                                               R. ALLAN EDGAR
                                               UNITED STATES DISTRICT JUDGE