UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CALVIN VINSON, JR., #194753,

                  Plaintiff,                  Case No. 2:09-cv-46

v.                                      Honorable R. Allan Edgar

GERALD RILEY, et al.,

                  Defendants.

_____/

## **MEMORANDUM**

On September 16, 2011, this Court entered an Order [Doc. No. 53] that, among other things, dismissed Plaintiff's RLUIPA claim without prejudice.  The Court based this dismissal upon a paragraph found in Plaintiff's "Motion for Relief" [Doc. No. 48].  Plaintiff has now filed a Motion for Relief from a Order/Judgment, pursuant to Rule 60, seeking reinstatement of this RLUIPA claim.  Doc. No. 55.  The Court has reviewed this motion and the matter is now ready for decision.

A district court may relieve a party from a final order because of mistake, inadvertence, surprise, excusable neglect, or for any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1), (6).  In his motion, Plaintiff states that he "never sought nor asked for the dismissal of the RLUIP[A] claim[,]" and that he "only informed the judge that since he cannot receive monetary damages under RLUIPA due to *Colvin v. Caruso*[,] 605 F.3d 282, 289 (6th Cir 2010) then he is entitled to damages under the 1st Amendment."  Doc. No. 55.

In his previously filed "Motion for Relief," Plaintiff stated the following:

> The Plaintiff never cited RLUIPA in his legal claims...The Defendants have cited RLUIPA to deny the Plaintiff monetary damages in his case according to Colvin v. Caruso[,] 605 F.3d 282, 289 (6th Cir. 2010).  Since the Plaintiff never cited RLUIPA as a legal claim it cannot be used and the Plaintiff is entitled to monetary damages under the 1st Amendment.
>
> The Plaintiff asserts that it was palpable error to cite[] RLUIPA when it was never cited by the Plaintiff in his complaint and ask this Honorable Court to remove it from it[s] Opinion/Order and deny the Defendants Motions for reconsideration.

Doc. No. 48, p. 2.

The Court treated this portion of Plaintiff's Motion as a voluntary dismissal based on Plaintiff's statements that he had not included an RLUIPA claim as one of his claims or in his complaint.  Given the liberal pleading standard afforded to *pro se* inmates, the Court finds it appropriate to grant Plaintiff's Motion for Relief and to reinstate his RLUIPA claim. The case therefore remains pending on the following claims: (1) Plaintiff's First Amendment claim; (2) Plaintiff's Fourteenth Amendment Equal Protection claim; and (3) Plaintiff's RLUIPA claim.

An Order consistent with this Memorandum will be entered.

Dated: _____11/8/2011_____        _____*/s/ R. Allan Edgar*_____
                                        R. Allan Edgar
                                        United States District Judge

2