UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CALVIN VINSON, JR.,

     Plaintiff,     Case No. 2:09-cv-46

v.           HON. R. ALLAN EDGAR

GERALD RILEY, et al.,

     Defendants.
_____/


## REPORT AND RECOMMENDATION

   Plaintiff Calvin Vinson Jr., an inmate currently confined at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Chaplain Gerald Riley, Assistant Resident Unit Supervisor Denise Gerth, and Warden David Bergh, all of whom were employed at the Alger Maximum Correctional Facility (LMF) during the pertinent time period.

   Plaintiff's complaint alleges that he is a Moorish American National through his ancestral genealogy. Plaintiff believes that his ancient ancestors were "Hebraic people." On August 19, 2004, while confined at Marquette Branch Prison, Plaintiff submitted his declaration of religious preference form to the chaplain, informing the chaplain of Plaintiff's religious affiliation: "Hebrew Israelite adherent to Judaism." In November of 2005, Plaintiff requested that he be allowed to participate in the kosher diet program. Plaintiff was approved for a kosher diet and was transferred to LMF on November 20, 2005.

Plaintiff alleges that in January of 2008, he was told by several prisoners that the prison administration allowed a ceremonial gathering for Noble Drew Ali's birthday and that a pamphlet had been created in remembrance.  Plaintiff wrote to Defendant Riley and requested a copy of the pamphlet.  On February 27, 2008, Plaintiff received a notice of intent (NOI) to conduct a hearing regarding whether Plaintiff should be removed from the kosher meal program.  The NOI, which had been written by Defendant Riley, stated that Plaintiff had requested Moorish Science Temple of America (MSTA) reading material, and that in his request he had referred to himself as an "active Moor."  Defendant Riley further noted that followers of MSTA are not required to maintain a kosher diet, and that a prisoner who changes his religious affiliation to one that does not require a kosher diet may be removed from the kosher meal program.

Plaintiff alleges that after he received the NOI, he noticed that Defendant Riley had falsified the NOI by placing an "x" in the box that indicated Plaintiff had waived his right to a hearing and agreed with the proposed disposition.  Plaintiff states that he never agreed to a waiver. Plaintiff then contacted Defendant Gerth, who conducted a hearing on March 3, 2008.  During the hearing, Plaintiff stated that Moorish American was his nationality, not his religion.  Plaintiff asserted that he had the right to possess reading material from other religions and that his religion is represented by many different sects and that "the MDOC can not tell [Plaintiff] how to believe or worship his God."  Defendant Gerth told Plaintiff that she believed he was trying to create his own religion and that she would speak to the chaplain.  On March 4, 2008, Plaintiff received Defendant Gerth's decision, which stated that Plaintiff would be removed from the kosher meal program.  The decision further noted that Plaintiff was unable to produce any literature about his faith or in support of Plaintiff's claim that he required a kosher diet.  Plaintiff states that he informed Defendant Bergh of the facts of this case and sought relief, to no avail.  Plaintiff claims that Defendants' conduct

- 2 -

violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), the First Amendment, and the Fourteenth Amendment.  Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

Plaintiff moves for summary judgment and defendants move for partial summary judgment.  Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

- 3 -

Defendants assert that they are entitled to dismissal of Plaintiff's claims under the Religious Land Use and Institutionalized Persons Act. Plaintiff has conceded that he is only seeking damages under that Act and not injunctive relief. In the opinion of the undersigned, Plaintiff's RLUIPA claim should be dismissed because damages are unavailable under the RLUIPA. Although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA. In *Sossamon v. Texas*, 131 S. Ct. 1651 (2011), the Supreme Court held that the RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *See also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."), and *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (damages under the RLUIPA are not available against defendants in either their individual or official capacities).

Defendants argue that Plaintiff's claims for injunctive relief under his First Amendment and Fourteenth Amendment claims should be dismissed because Plaintiff was transferred to a different prison and is currently receiving kosher meals. Therefore, Plaintiff is no longer under the control or custody of the Defendants. The Sixth Circuit has held that transfer to another prison facility moots prisoner injunctive and declaratory claims. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996). *See also, Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. September 20, 1989); *see also Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). These Sixth Circuit opinions contain only a brief explanation of the reasoning supporting this rule. Underlying the rule is the premise that injunctive relief is appropriate only where Plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct.

- 4 -

*Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again.  *For example see Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988).  *See also O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974).  A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally.  *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-496.

In the present action, the possibility that Plaintiff will be subjected to the same alleged unconstitutional activity is too speculative to warrant injunctive relief.  There has been no showing of a "reasonable expectation" nor a "demonstrated probability" that Plaintiff will be returned to LMF and be subjected to these allegedly unconstitutional conditions by the same Defendants.  Thus, there is no evidence of "immediate danger" of injury.  Accordingly, in the opinion of the undersigned, Plaintiff's request for injunctive relief should be dismissed.

Plaintiff argues that he is entitled to judgment on the merits of this First Amendment and Fourteenth Amendment claims.  Plaintiff was removed from the kosher meal program after Plaintiff indicated that he was an active Moor.  Defendants believed that by indicating that he was an active Moor, Plaintiff was stating that he was a member of MSTA.  Accordingly, Plaintiff was removed from the kosher meal program because MSTA members do not require kosher meals.  Plaintiff, however, explains that he never indicated that he was a member of  MSTA, but that his nationality was Moorish American and Judaism was his religious faith.  In the opinion of the undersigned, as stated in the court's September 27, 2010, opinion, a question of fact exists whether Plaintiff's First Amendment rights were infringed by Defendants.

Plaintiff also requests summary judgment on his equal protection claim by asserting that Defendant Riley allowed one other Moorish prisoner into the kosher meal program. Plaintiff claims that his rights were violated simply because he proclaimed his nationality as Moorish and that once he made this statement he was discriminated against and treated differently. In the opinion of the undersigned, a question of fact exists regarding why Plaintiff was removed from the kosher meal program and whether the removal from the program violated Plaintiff's constitutional rights.

Accordingly, it is recommended that Defendants' motion for partial summary judgment (Docket #79) be granted, dismissing Plaintiff's claims for injunctive relief and dismissing Plaintiff's claims under the RLUIPA. It is further recommended that Plaintiff's motion for summary judgment (Docket #68) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  June 28, 2012